IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

Kimberly Ann Alston
10012 Cedarhollow Lane
Largo, Maryland

    Plaintiffs,

v.

Case No. CAL15 - 25635

ASSET ACCCEPTANCE, LLC
Serve: CSC-Lawyers Incorporating Service Company
7 Saint Paul Street, Suite 820
Baltimore, Maryland 21202

    Defendant.

## COMPLAINT AND JURY DEMAND

This is an action for a consumer seeking actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (Fair Debt Collection Practices Act or "FDCPA"), Md. Code Ann., Com. Law §14-101 et seq. (Maryland Consumer Debt Collection Act or "MCDCA"), Md. Code Ann., Com. Law §13-101 et seq. (Maryland Consumer Protection Act or "MCPA") and declaratory judgment.

### PARTIES

1. Plaintiff Kimberly Alston is a resident of Largo, Maryland.

2. Asset Acceptance, LLC ("AALLC") is a limited liability company with its principal place of business in Warren, Michigan and is licensed as a collection agency with the state of Maryland.

3. At all relevant times, Asset Acceptance – in the ordinary course of its business – regularly engaged in the practice of collecting debts originally owed to other entities, using the

1



mails and telephone system for that purpose and is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

## FACTS

4. AALLC sued the Plaintiff and fraudulently obtained a judgment against Plaintiff in September 2003.

5. The judgment was for an alleged personal credit card debt with Discover that AALLC purports to have acquired.

6. AALLC's judgment was fraudulent and/or void because AALLC did not serve Plaintiff with the summons and complaint.

7. In the year of 2003, including the month of June, Plaintiff's residence was in Greensboro, North Carolina. Plaintiff did not reside in Maryland in 2003.

8. On June 25, 2003 at 7:44pm AALLC caused a writ of summons and complaint to be served on Plaintiff's brother, Troy Alston, at 10012 Cedarhollow Lane in Largo, Maryland.

9. Plaintiff was living in North Carolina when AALLC served Troy Alston and she never received notice of the lawsuit.

10. AALLC's failure to properly serve Kimberly Alston deprived the District Court of Maryland for Prince George's County any jurisdiction over her and the judgment entered against her is void ab initio.

11. On March 9, 2014 Midland Credit Management, Inc. ("MCM") issued a letter to Alston that stated MCM was servicing the debt for AALLC and that they were seeking to recover $21,062.23.

12. On March 6, 2015 MCM stated during a phone call with Plaintiff that AALLC was seeking to collect approximately $22,084 from her.

2

13. The original principal amount that AALLC claims was owed on the debt was $8,239.75. This is the amount that AALLC claims was charged-off by the original creditor, Discover, on March 31, 2001.

14. AALLC claims to have purchased the Discover account on November 6, 2002.

15. Although the balance at the time of purchase, on November 6, 2002, was claimed to be the same amount -- $8,239.75 -- that was charged-off, AALLC seeks to collect interest from March 31, 2001 to November 6, 2002 that was not charged or assessed by Discover.

16. AALLC knows that Discover stopped charging interest after the account was charged-off on March 31, 2001. Despite knowing that Discover waived its right to collect interest from March 31, 2001 to November 6, 2002, AALLC is charging interest on the account for that time period.

17. The excess interest amount that was charged from March 31, 2001 to November 6, 2002 was included in the judgment amount.

18. Consequently, the original inflated interest amount has been fraudulently increased each year after the judgment.

## POLICIES AND PRACTICES OF AALLC

### Interest After Charge-off

19. It is the policy and practice of AALLC to add interest to debts for the period prior to the date on which AALLC claims to have purchased the debt, if the prior owner of the debt did not add interest during that period.

20. The bank from which AALLC allegedly purchased the debt did not charge interest after the charge-off.

3

21. Most of the debts which defendant seeks to collect are credit cards originally issued by banks.

22. The standard form credit card agreements used by banks provide that the banks may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

23. As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after charge-off for as long as the debts are held by the banks.

24. Among other reasons for this practice, banks are now required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. Regulation Z, 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, [or] if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account...."). Banks generally prefer to waive the interest and save the expense of preparing and sending statements.

25. AALLC only took what the assignor could give. If the assignor waived the right to add interest post-charge-off, AALLC acquired the debt (if at all) subject to that waiver.

26. AALLC often purchases, or claims to purchase, credit card debts from banks months, or years, after the bank has charged off the debts.

27. AALLC sends dunning letters to consumers that state the balance is an amount that reflects principal plus interest, including interest during the period between the debt charge-off and AALLC's acquisition of the debt.

4

28.  AALLC's dunning letters are representations that AALLC has the right to add interest for the period between charge-off and purchase.

## COUNT I: DECLARATORY JUDGMENT

29.  Plaintiff realleges and incorporates paragraphs 39 through 52 above as if fully set out herein.

30.  Plaintiff contends that she was not served by AALLC in the case captioned Asset Acceptance LLC v. Kimberly Ann Alston and a case number 0502000191332003.

31.  The Plaintiff requests this Court find that:

   a.  Plaintiff was not served in case no. 0502000191332003;

   b.  the District Court did not obtain jurisdiction over Plaintiff; and

   c.  the judgment entered on 9-04-2003 in favor of AALLC was void ab initio.

## COUNT II: FDCPA[1]

32.  Plaintiff incorporates paragraphs 1 - 31 by reference.

33.  AALLC engaged in a deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest to alleged debts, including the alleged debt of plaintiff

34.  AALLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), by adding interest to the claimed amount of the alleged debt when no interest had been added by Discover at the time.

35.  AALLC violated 15 U.S.C. § 1692f(1) by attempting to collect interest on a debt that is neither authorized by agreement nor permitted by law.

---

[1] The statute of limitations has been tolled. AALLC has been on notice of Plaintiff's claim since March 2014. The Plaintiff was a party to CAL15-00716 which AALLC was a defendant. In that suit the Plaintiff alleged AALLC violated the FDCPA by assessing interest after the charge-off and before purchasing the debt. The Plaintiff was removed as a Plaintiff from that case.

36. AALLC's FDCPA violations caused the Plaintiff to endure damages including heavy stress, headaches, stomach aches, sleepless nights, weigh instability, excessive worry, pecuniary expenses, mental and emotional distress.

37. AALLC's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant Rush liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT III: MCDCA

38. AALLC knew it had no right to assess interest for the time period between the date that Discover charged-off the account and the date that AALLC allegedly purchased the account.

39. AALLC has been on notice of this illegal practice at least since August 7, 2013 when a US District Court from Michigan held that the practice was illegal. See *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D. Mich. 2013).

40. Despite knowing it had no legal right to collect interest between the charge-off date and its purported date of acquisition, AALLC claimed a right to collect interest during that time period.

41. AALLC knew the interest amounts it sought to collect were not supported by contract or statute and that it had no right to collect the interest.

42. AALLC foregoing actions violated the MCDCA at §14-202(8).

43. AALLC's MCDCA violation caused the Plaintiff to endure damages including heavy stress, headaches, stomach aches, sleepless nights, weigh instability, excessive worry,

pecuniary expenses, mental and emotional distress, rendering AALLC liable for actual damages in an amount to be determined pursuant to MCDCA, §14-203.

### COUNT IV: MCPA

44. Plaintiff Hooker incorporates paragraphs 1 - 43 by reference.

45. AALLC also violated the MCPA §13-301(13)( iii) when it violated the MCDCA at §14-202(8) by claiming a right to interest that it knew was not authorized to collect.

46. AALLC's MCPA violation caused the Plaintiff to endure damages including heavy stress, headaches, stomach aches, sleepless nights, weigh instability, excessive worry, pecuniary expenses, mental and emotional distress

47. AALLC's conduct was the proximate cause of Plaintiff's injuries, rendering AALLC liable for actual damages in amount to be determined pursuant to the MCPA at §13-408(a), and for attorney's fees pursuant to MCPA, §13-408(b).

**Demand for Jury Trial**

48. Plaintiff demand trial by jury in this action.

**Demand For Judgment for Relief**

ACCORDINGLY, plaintiff respectfully request that the Court:

a. Assume jurisdiction over all claims;

b. Award actual damages equal to all excess interest charged; or

c. Order that all excess interest be cancelled;

d. Award statutory damages;

e. Award attorney fees; and

h. Provide for all other proper relief.

7

Respectfully submitted,
KIMBERLY ALSTON

Kimberly Alston
10012 Cedarhollow Lane
Largo, MD 20774
Telephone: (301) 350-5780
*Pro Se Plaintiff*